STATE, USE CRAIGHEAD COUNTY, v. MARCUM, ET AL.

1. APPEAL TO SUPREME COURT: *Action on appeal bond in misdemeanors.*
An appeal by the defendant in a misdemeanor case to the supreme court is not

State, use Craighead County, v. Marcum, et al.

perfected, and cannot suspend the execution of the judgment, until a transcript of the record and of the appeal bond is filed in the supreme court within sixty days after the judgment; and if the defendant be discharged from custody upon the execution of the bond and before filing the transcript, no action can be maintained on the appeal bond for failure to perfect the appeal, or to perform the covenants of the bond.     •

APPEAL from *Craighead* Circuit Court.

Hon. M. T. SANDERS, Circuit Judge—on exchange with Judge Cate.

*Dan W. Jones* for the State.

The decision in this case will be determined by the construction placed upon *Secs. 2435 and 2464 of Mansf. Dig.* This court has not previously passed upon the question.

·  · BATTLE, J.   John Marcum was indicted for an assault with intent to commit a rape; and was convicted in the Poinsett circuit court of a simple assault, and fined in the sum of one hundred dollars.   Judgment was rendered against him for the fine and costs, and the court ordered that he be committed to, and remain in, the custody of the sheriff of Poinsett county until the fine and costs should be paid.   The sheriff, thereupon, took him into custody.   Marcum then filed a motion for a new trial, which was overruled; tendered a bill of exceptions, which was by the court examined, approved and signed; prayed an appeal to this court; and, together with C. C. Hale, J. N. Thorn and I. W. Duke, executed a covenant that he, Marcum, in case the judgment aforesaid should be affimed by this court, would pay said fine and costs, and costs of appeal and all damages thereon, or surrender himself to be imprisoned and confined in jail in execution of the judgment as required by law, which was filed in court and approved by the clerk; and

he was discharged from custody.   All this, except the finding
and return of the indictment, occurred during the April term
of the Poinsett circuit court, in the year 1884. . On the 2d
day of January, 1885, appellant, the State of Arkansas, filed
her complaint in the Craighead circuit court, reciting therein,
substantially, the foregoing facts, and alleging that Marcum
had failed to perfect his appeal by filing transcript in the office
of the clerk of this court within the time prescribed by law,
and that he and his sureties had failed to pay said fine and
costs ; and praying for judgment against Marcum, Hale, Thorn
and Duke, the defendants in the complaint, for the sum of five
hundred and forty dollars and twenty cents, the amount of the
fine and costs.   Appellees demurred to the complaint, because
it failed to state facts sufficient to constitute a cause of action.
The court below sustained the demurrer and dismissed the
action, and appellant appealed.

The demurrer was properly sustained.   No breach of cove-
nant sued on is shown in the complaint.   The statute, under
which this covenant was executed, does not authorize the
granting of appeals from judgments of circuit courts in prose-
cutions for misdemeanors, except on condition "that the record.
is lodged in the clerk's office of the supreme court, within sixty
days after the judgment," and expressly says:   "The appeal
shall not suspend the execution of judgment, unless the de-
fendant causes to be executed, before the clerk of the circuit
court, a covenant by good security, to be approved by said
clerk, for the payment, in case the judgment is affirmed, of the
fine and costs, and costs of appeal and all damages thereon,
and for the surrender of the defendant in execution of the
judgment, when the judgment is for imprisonment, or, on his
failure so to surrender himself, for the payment of a sum equal
to two dollars for every day of imprisonment adjudged, and
causes said covenant to be copied into the transcript, upon
which being lodged with the clerk of the supreme court, he

shall issue a certificate that execution of the judgment is sus-
pended."

**1. APPEAL
TO SUPREME
COURT. Action
on appeal bond
in misdemean-
ors.**

Marcum should not have been discharged from custody
until he paid the fine and costs, or suffered the penalty for the
failure to do so, or until he filed a transcript, with the covenant
executed by him and his sureties copied therein, with the clerk
of this court, within sixty days after the judgment.   Until such
transcript, with the covenant copied therein, was filed within
the sixty days, there should have been no suspension of the
execution of the judgment for fine and costs against him.   The
transcript was not filed.   The covenant sued on thereby be-
came of no effect.   No right of action accrued or could accrue
on it.   *Mansf. Dig., Secs. 2463–64.*

The judgment of the court below is affirmed.